UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TRINA L. FORD                               :
                                            :
          v.                                :          C.A. No. 16-146S
                                            :
CAROLYN COLVIN, Acting                      :
Commissioner of the Social Security         :
Administration                              :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB")

under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on March

24, 2016 seeking to reverse the decision of the Commissioner.  On December 28, 2016, Plaintiff filed

a Motion to Reverse the Defendant's Final Decision.  (Document No. 18).  On November 28, 2016,

the Commissioner filed a Motion for an Order Affirming the Commissioner's Decision.  (Document

No. 19).

This matter has been referred to me for preliminary review, findings and recommended

disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties'

submissions and independent research, I find that there is substantial evidence in this record to support

the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act.

Consequently, I recommend that Plaintiff's Motion to Reverse (Document No. 18) be DENIED and

that the Commissioner's Motion to Affirm (Document No. 19)  be GRANTED.

## I.      PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 1, 2013 (Tr. 131-132) alleging disability since January 28, 2013.  The application was denied initially on January 16, 2014 (Tr. 64-70) and on reconsideration on April 24, 2014.  (Tr. 72-79).  Plaintiff's date last insured is December 31, 2017.  (Tr. 16).  Plaintiff requested an Administrative Hearing.  On November 25, 2014, a hearing was held before Administrative Law Judge Jason Mastrangelo (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified.  (Tr. 31-63).  The ALJ issued an unfavorable decision to Plaintiff on January 9, 2015.  (Tr. 12-30).  The Appeals Council denied Plaintiff's request for review on February 29, 2016.  (Tr. 1-3).  Therefore the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.      THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by favoring the opinions of the consulting physicians over those of a treating physician and by failing to properly assess the impact of her obesity on the RFC assessment.

The Commissioner disputes Plaintiff's claims and contends that the ALJ properly weighed the medical opinion evidence and expressly considered the impact of Plaintiff's obesity on the RFC finding.

## III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

-3-

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

-4-

## IV.     THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.     Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion;

(4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

## B.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

**C.      Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

**D.      The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E.     Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases

involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.      Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)     Treatment, other than medication, for relief of pain;

(5)     Functional restrictions; and

(6)     The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

## 2.     Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.      APPLICATION AND ANALYSIS

### A.      The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  At Step 2, the ALJ concluded that

Plaintiff's lumbar spinal stenosis, status post laminectomy/fusion, bilateral knee arthritis, status post

left knee arthroscopies, and obesity, were "severe" impairments as defined in 2 C.F.R. § 404.1520(c).

(Tr. 18).  The ALJ noted Plaintiff's depression but did not find sufficient evidence to conclude it was

also a "severe" impairment.  (Tr. 18-19).  At Step 3, the ALJ concluded that Plaintiff's impairments,

either singly or in combination, did not meet or medically equal any of the Listed Impairments.  (Tr.

20).  As to RFC, the ALJ determined that Plaintiff was able to perform a limited range of light work.

Id.  The ALJ concluded at Step 4 that Plaintiff was unable to perform her past work as a CNA but, at

Step 5, that she was not disabled because she was capable of performing other light and sedentary jobs

present in the economy.  (Tr. 24-25 and n.1).

### B.      The Medical Opinions

The ALJ based his RFC assessment primarily on the opinions of Dr. Purins and Dr. Weisberg,

reviewing physicians.  (Tr. 23).  The ALJ gave their opinions "substantial weight" because they were

"well supported by the medical evidence as a whole."  Id.  The ALJ was also presented with the

opinion of Dr. Blazar, an orthopedic surgeon, who examined Plaintiff in October, 2014.  (Exh. 21f).

Dr. Blazar concluded that Plaintiff could return to work as a CNA.  While the ALJ gave the opinion

"some weight," he found it to be vague and only partially consistent with the medical evidence of

record.  (Tr. 23).  Finally, the ALJ gave "little weight" to the opinions of Dr. Ofstead, Plaintiff's

primary care physician.  (Ex. 20f).  Dr. Ofstead opined in conclusory fashion that Plaintiff "could not

participate in sustained full-time competitive employment."  (Tr. 418).  In addition, even though she

is not a mental health specialist, Dr. Ofstead completed a psychiatric review technique form which

noted that Plaintiff had some improvement in mood with medication but continues to be unable to work related to mood and physical limitations from arthritis.  (Tr. 431).

The ALJ was faced with conflicting medical opinion evidence in this case, and Plaintiff has shown no error in his ultimate conclusions regarding such evidence.  Four doctors – non-examining physicians Dr. Purins and Dr. Weisberg, examining orthopedic surgeon Dr. Blazar and treating orthopedic surgeon Dr. Robertson – all provided opinions consistent with an RFC for light work.  (Tr. 66-69, 75-76, 432-435); 302, 400-401).   All of these doctors rendered such opinions with full knowledge of Plaintiff's medical conditions, including her obesity.  It was plainly within the ALJ's province to base his RFC assessment upon such medical evidence.  Ultimately, Plaintiff's challenge to the ALJ's evaluation of the medical opinion evidence inappropriately asks this Court to re-weigh the record evidence in a manner more favorable to her.  See, e.g., Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001) (the ALJ is responsible for weighing the evidence and resolving conflicts in the evidence).  The ALJ weighed conflicting evidence in this record, and Plaintiff has shown no error in his ultimate decision to favor the opinion of the reviewing physicians over the opinion of her treating physician. Castro v. Barnhart, 198 F. Supp. 2d 47, 54 (D. Mass. 2002) (The ALJ "may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record, even if that evidence consists of reports from non-treating doctors.").

The only doctor who offered an opinion that would arguably support a disability finding was Dr. Ofstead.  As a treating physician, Dr. Ofstead's opinions are entitled to controlling weight if well-supported and not inconsistent with the record as a whole.  20 C.F.R. § 404.1527(c).  The ALJ declined to give her opinions controlling weight and had good reasons for doing so.  First, Dr. Ofstead's opinions (Tr. 418 and 431) are conclusory and vague and, rather than opining on specific functional limitations, they go to the ultimate issue of disability which is an issue exclusively reserved to the

Commissioner pursuant to 20 C.F.R. § 404.1527(d).  Such opinions are not "medical opinions" within the meaning of 20 C.F.R. § 404.1527, and thus not subject to the treating physician rule.

Second, Dr. Ofstead's opinions are simply not supported by her treatment records.  She opined that Plaintiff had marked functional limitations arising out of major depression and had repeated episodes of decompensation, each of extended duration.  (Tr. 429).  She indicated that Plaintiff had a medically documented history of chronic depression of at least two years' duration.  (Tr. 430). However, as accurately noted by the ALJ (Tr. 18), Dr. Ofstead only documented significant symptoms of depression during a single visit on January 31, 2014.  (Tr. 319-320).  She prescribed Lexapro and saw Plaintiff one week later on February 6, 2014.  At that appointment, Dr. Ofstead noted that Plaintiff's symptoms had "improved significantly" and that she denied hopeless thoughts, suicidal ideation and sleep problems.  (Tr. 317-318).  Although Plaintiff agreed to followup in three months, (Tr. 318), there is no record of further treatment with Dr. Ofstead prior to the opinion she rendered on November 13, 2014. (Exh. 20F).  Finally, Dr. Ofstead's opinions contradict Plaintiff's own statements about her condition to the Social Security Administration.  (Exhs. 5E and 7E).  For instance, on March 24, 2014, Plaintiff did not report any mental limitations and reported that "I have pain not mental problems." (Tr. 204).  She reported no problems paying attention, following instructions, getting along with others, handling stress or changes in routine.  (Tr. 204-205).

The ALJ was faced with conflicting evidence in this record, and Plaintiff has shown no error in his ultimate decision to adopt the opinions of the reviewing physicians.  "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also."  Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)).  In other words, the issue presented is not whether this Court would have found Plaintiff's impairments

to be disabling but whether the record contains sufficient support for the ALJ's findings.  Since it does, the ALJ's decision must be affirmed.

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 18) be DENIED and that Defendant's Motion for an Order to Affirm (Document No. 19) be GRANTED.  Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 28, 2016